**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4521**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO SOTO-LARIOS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:06-cr-00276-D)

———————

Submitted: January 4, 2008          Decided: June 3, 2008

———————

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Soto-Larios pled guilty to illegal reentry by an aggravated felon, 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to a term of fifty-seven months imprisonment. He appeals his sentence. We affirm.

Soto-Larios moved for a sentence below the guideline range, arguing that a sentence of twenty-four months would be adequate. As grounds for a departure or variance, Soto-Larios (1) cited his good character, as attested to by family members, co-workers, and employers; (2) argued that his prior convictions occurred during a brief anomalous period of his life; and (3) argued that the 16-level enhancement he received for a prior crime of violence* resulted in a sentencing range that was greater than necessary to punish him fairly. He also asked the court to take into account that defendants sentenced in districts with fast-track programs were more likely to receive reduced sentences, thus arguably creating a sentencing disparity.

However, the district court decided to impose a sentence within the guideline range. The court noted its obligation to consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). The court observed that Soto-Larios had been convicted of two serious crimes, one of which was committed while

---

*U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2006).

he was on probation, and that after he was deported Soto-Larios returned to the country illegally. The court stated that deterrence to others considering illegal reentry was an important consideration. The court stated that, even if it had discretion to impose a below-guideline sentence based on fact-track disparity, as argued by Soto-Larios, his case was not an appropriate one for the exercise of that discretion.

We will affirm a sentence imposed by the district court as long as it is "within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (internal quotation marks and citation omitted). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A sentence within a properly calculated advisory guideline range is presumptively reasonable. Id. at 457; see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness). This presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors.

United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

Here, we conclude that the sentence was reasonable. The maximum statutory sentence for a violation of § 1326(a)(2) is twenty years. Soto-Larios does not contest the calculation of his guideline range, and the district court sentenced him to fifty-seven months, the bottom of the range. The district court imposed the sentence after considering the arguments at the sentencing hearing and the § 3553(a) factors.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED